### R. B. Lustress v. The State.

#### No. 3577. Decided June 2, 1915.

**1.—Pandering—Statement of Facts—Bill of Exceptions.**

In the absence of a statement of facts and bills of exception, there is nothing presented for review on appeal.

**2.—Same—Indeterminate Sentence Law—Reforming Judgment.**

Where, upon trial of pandering, the lower court inadvertently fixed the lowest punishment at two instead of five years, the judgment and sentence will be reformed.

Appeal from the District Court of Tarrant. Tried below before the Hon. R. B. Young.

Appeal from a conviction of pandering; penalty, forty-five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted under a charge of pandering, and given forty-five years in the penitentiary.

The record is before us without a statement of facts or bill of exceptions. In this condition of the record there is nothing presented we can review or discuss.

The Assistant Attorney General calls our attention to the fact that

the judgment should be reformed so as to comply with the indeterminate sentence law. That law provides the punishment shall not be less than five years. Here the conviction was for forty-five years. The sentence was pronounced for an indeterminate period of from two to forty-five years. The court will correctly enter up the judgment and reform the sentence to comply with the statute, fixing the punishment for pandering in accordance with the indeterminate sentence law. The judgment, therefore, will be reformed to this extent, and affirmed.

*Affirmed.*